UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

RANDY UMANZOR

    *Plaintiff*,

v.

NEW YORK CITY POLICE DEPARTMENT,

    *Defendant*.

------------------------------------------------------------------x

JUDGE BRODERICK

14 CV 9850

**COMPLAINT**

14 Civ. ___



Plaintiff Randy Umanzor, by counsel, The Harman Firm, PC, alleges for his complaint against Defendant New York City Police Department as follows:

PRELIMINARY STATEMENT

1. Plaintiff Randy Umanzor ("Mr. Umanzor") seeks damages and costs against Defendant New York City Police Department ("Defendant" or "NYPD") for violating his rights by denying him employment based on the false perception that he suffers from a disability arising from multiple-sclerosis ("MS").

2. This matter arises under the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §§ 12101 *et seq.* ("ADA") and New York City Human Rights Law § 8-107 ("NYCHRL").

JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, jurisdiction over Plaintiff's claims is conferred on this Court as Defendant violated Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claim brought under local city law.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claim occurred within this District.

6. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Opportunity in Employment Commission ("EEOC"). The EEOC issued a Notice of Right-to-Sue Letter December 4, 2014 relating to the discriminatory acts described in this Complaint. This action was properly instituted within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

7. Plaintiff respectfully requests a trial before a jury.

## PARTIES

8. Plaintiff Randy Umanzor, at all times relevant hereto, was and is a resident of Richmond County, New York.

9. Upon information and belief, Defendant NYPD is located at 1 Centre Street, Room 2300-N, New York, NY 10007.

## STATEMENT OF FACTS

10. Plaintiff Randy Umanzor is a twenty-four (24) year old male.

11. In and around the Spring 2012, Mr. Umanzor enrolled at John Jay College of Criminal Justice with the intention of graduating with a degree in Criminal Justice and applying to the NYPD police academy.

12. It has been Mr. Umanzor's long-time dream to become a police officer in the NYPD.

13. Mr. Umanzor was diagnosed with MS in 2013.

14. After this diagnosis, Mr. Umanzor doubled his effort to become a police officer in the NYPD. Mr. Umanzor began to lift weights and exercise regularly to train himself for the job. He is in excellent physical shape, and is mentally sharp and fit for the duties of a police officer.

15. Mr. Umanzor is still a student in good standing at the John Jay College of Criminal Justice and is pursuing a major in criminal justice and a minor in criminology with the sole aim to become a police officer in the NYPD.

16. To that end, in and around February 2014, Mr. Umanzor applied for a "cadet" position with the NYPD.

17. The cadet program offers college students the opportunity to learn what it's like to work for the NYPD. Cadets learn, *inter alia*, management techniques, computer skills, and problem-solving techniques in addition to professional training. The program offers a competitive salary, generous tuition assistance, and a fast-track into the NYPD police academy. Upon successful completion of the program, cadets may take the officer exam.

18. On or about April 8, 2014, as part of his application for the cadet position, Mr. Umanzor reported to the NYPD for a medical examination.

19. After passing the physical examination, Mr. Umanzor was required to fill out medical forms on which he disclosed that he had been diagnosed with MS.

20. After viewing Mr. Umanzor's medical forms, the NYPD requested that Mr. Umanzor provide medical documentation regarding his MS. Mr. Umanzor promptly did so,

including a letter from his doctor stating that his MS would not interfere with his ability to perform the duties of a cadet.

21. Mr. Umanzor does not have any significant symptoms of MS, and certainly none whatsoever that could impact or impede his ability to perform the duties of a cadet or police officer.

22. Nonetheless, on or about May 20, 2014, Mr. Umanzor received a notice of medical disqualification from NYPD, which summarily rejected him from the cadet program. The notice of medical disqualification cited only "Multiple Sclerosis" as the reason for his rejection.

23. The NYPD never requested or performed any additional exams on Mr. Umanzor and never assessed the symptoms, if any, of Mr. Umanzor's MS.

24. On or about June 18, 2014, Mr. Umanzor appealed this decision as instructed on his notice of medical disqualification.

25. On or about June 27, 2014, Mr. Umanzor's appeal was denied, on the grounds that he was purportedly not entitled to the appeal process as described on his notice of medical disqualification; the appeal did not go to the merits of whether being diagnosed with MS automatically made him "unqualified" for the cadet position.

26. Mr. Umanzor attempted to appeal this decision as well, but the NYPD once more summarily denied him the right to appeal.

27. Mr. Umanzor is currently unemployed.

4

28. Mr. Umanzor is qualified to be a cadet; however, the NYPD disqualified Mr. Umanzor solely on the perception that he is unable to perform the job duties of a cade or police officer because he has MS.

29. Mr. Umanzor suffered direct and proximate emotional and financial harm as a result of Defendant's conduct. This harm includes, but is not limited to, extreme mental anguish, emotional distress, humiliation, and damage to Mr. Umanzor's reputation as a person without a disability, and monetary loss including, but not limited to, a sum equal to the difference between the wages, benefits and perquisites Mr. Umanzor's would have earned with the NYPD and the wages, benefits and perquisites he earned after the NYPD refused to hire him.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Defendant Violated the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 *et seq*.**

30. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

31. The ADA mandates that no employer discriminate against a qualified individual on the basis of disability, whether actual or perceived, in regard to job application procedures.

32. Defendant discriminated against Plaintiff by disqualifying him for the cadet position solely because of his perceived disability.

33. As a direct and proximate consequence of Defendant's illegal discrimination, Plaintiff has been denied wages, salary, employment benefits, professional advancement, and actual monetary losses, and has suffered and continues to suffer substantial non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

34. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Defendant Violated New York City Human Rights Law § 8-107

35. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

36. NYCHRL § 8-107 mandates that no employer refuse to hire any person because of an actual or perceived disability.

37. Defendant discriminated against Plaintiff by disqualifying him for the cadet position solely because of his perceived disability.

38. As a direct and proximate consequence of Defendant's illegal discrimination, Plaintiff has been denied wages, salary, employment benefits, professional advancement, and actual monetary losses, and has suffered and continues to suffer substantial non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

39. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully request the following relief:

A. on his first claim, damages to be determined at trial, but in no event less than $1,500,000;

B. on his second claim, damages to be determined at trial, but in no event less than $1,500,000;

C. an award of compensatory, assumed, and punitive damages;

D. pre-judgment and post-judgment interest;

E. attorneys' fees and costs; and

F. such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 12, 2014

THE HARMAN FIRM, P.C.

By: *Walker S Harman*
Walker G. Harman, Jr. [WH-8044]
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com