UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RANDY UMANZOR,

                                  Plaintiff,

            -against-

NEW YORK CITY POLICE DEPARTMENT,

                                  Defendant.

------------------------------------------------------------------------x

**ANSWER TO COMPLAINT**

14 CV 9850 (VSB)(KNF)

Defendant, New York City Police Department ("NYPD") ("Defendant"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges as follows:

      1.      Denies the allegations set forth in paragraph "1" of the Complaint.

      2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits plaintiff purports to proceed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the New York City Human Rights Law claim ("NYCHRL"), N.Y.C. Admin. Code § 8-107, *et seq.*.

      3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

      4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

      5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that venue is proper in the United States District Court for the Southern District of New York.

6. Denies the allegations set forth in paragraph "6" of the Complaint, and respectfully refers the Court to the Copy of the Notice of Right to Sue Letter for a complete and accurate statement of its contents.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff requests a trial before a jury.

8. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that the NYPD maintains an office at 1 Centre Street, New York, New York 10007.

10. Denies knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph "10."

11. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiff has provided documentation to defendant indicating he was diagnosed with relapsing remitting multiple sclerosis at some point in 2013.

14. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff applied for entry into the NYPD Cadet Corps in 2014.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits NYPD Cadet Corps is a collegiate apprenticeship program.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff appeared at the NYPD's Medical Division to initiate his pre-appointment screening for the NYPD Cadet Corps on or about April 8, 2014.

19. Denies the allegations set forth in paragraph "19" of the Complaint, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of Complaint, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that candidates for the position of NYPD Cadet Corps are not entitled to appeal their disqualification to the New York City Civil Service Commission ("CSC"), and affirmatively states that the CSC lacks jurisdiction to hear an appeal from an NYPD Cadet Corps candidate.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of Complaint.

29. Denies the allegations set forth in paragraph "29" of Complaint.

30. In response to paragraph "30" of Complaint, Defendant repeats and realleges its response to paragraphs "1" through "29" of the Complaint as if set forth fully herein.

31. Paragraph "31" of Complaint states a conclusion of law for which no response is required.

32. Denies the allegations set forth in paragraph "32" of Complaint.

33. Denies the allegations set forth in paragraph "33" of Complaint.

34. Denies the allegations set forth in paragraph "34" of Complaint.

35. In response to paragraph "35" of Complaint, Defendant repeats and realleges its response to paragraphs "1" through "34" of the Complaint as if set forth fully herein.

36. Paragraph "36" of Complaint states a conclusion of law for which no response is required.

37. Denies the allegations set forth in paragraph "37" of Complaint.

38. Denies the allegations set forth in paragraph "38" of Complaint.

39. Denies the allegations set forth in paragraph "39" of Complaint.

**AS AND FOR A FIRST DEFENSE:**

40. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE:**

41. Defendant has not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States, New York State, or the City of New York.

**AS AND FOR A THIRD DEFENSE:**

42. The New York City Police Department is not a suable entity.

**AS AND FOR A FOURTH DEFENSE:**

43. Defendants had legitimate, non-discriminatory, business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

**AS AND FOR AN FIFTH DEFENSE:**

44. Plaintiff may have failed to mitigate his alleged damages.

**AS AND FOR A SIXTH DEFENSE:**

45. Plaintiff failed to exhaust his administrative remedies with respect to any ADA claims contained in the federal complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC.

**AS AND FOR A SEVENTH DEFENSE:**

46. Defendant City of New York is not subject to an award for punitive damages.

**AS AND FOR AN EIGHTH DEFENSE:**

47. Hiring a candidate to be a Police Officer who is not able to perform the essential functions of his position would pose a direct threat to the safety and health of the plaintiff, his co-workers, and the public.

**AS AND FOR A NINTH DEFENSE:**

48. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TENTH DEFENSE:

49. To the extent plaintiff is claiming that defendant failed to provide him with a reasonable accommodation, plaintiff could not, even with reasonable accommodation, satisfy the essential requisites of the job in question

**WHEREFORE**, defendant respectfully requests that the complaint be dismissed in its entirety, that all relief requested therein be denied, and that defendant be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 26, 2015

      **ZACHARY W. CARTER**
      Corporation Counsel of the
        City of New York
      Attorney for Defendant
      100 Church Street, Room 2-314
      New York, New York 10007
      (212) 356-4076
      jlocking@law.nyc.gov

By:     /s/
      Joseph D. Lockinger
      Assistant Corporation Counsel

TO:   **THE HARMAN FIRM, P.C. (BY ECF)**
     Attn: Walker G. Harman, Jr.
     Attorney for Plaintiff
     1776 Broadway, Suite 2030
     New York, New York 10019
     (212) 425-2600
     wharman@theharmanfirm.com

Docket No. 14 CV 9850 (VSB)(KNF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHER DISTRICT OF NEW YORK |
| RANDY UMANZOR,<br><br>                 Plaintiff,<br><br>       -against-<br><br>NEW YORK CITY POLICE DEPARTMENT,<br><br>                 Defendant. |
| **ANSWER** |
| ***ZACHARY W. CARTER***<br>*Corporation Counsel of the City of New York*<br> *Attorney for Defendant*<br> *100 Church Street, Room 2-314*<br> *New York, New York  10007-2601*<br><br> *Of  Counsel:  Joseph D. Lockinger*<br> *Tel.:  (212) 356-4076*<br> *Matter No.:  2015-000522* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ........................................, 201. . .*<br><br>* ......................................................................Esq.*<br><br>*Attorney for...............  ...........................................* |