

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH D. LOCKINGER**
*Assistant Corporation Counsel*
Labor & Employment Division
(212) 356-4076
jlocking@law.nyc.gov

May 22, 2015

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re: Umanzor v. New York City Police Department,
         Docket No. 14 Civ. 09850 (VSB)

Dear Judge Broderick:

   I am the Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, assigned to represent defendant the New York City Police Department ("NYPD"), in the above-referenced case. As such, I submit this letter jointly with counsel for plaintiff, in accordance with Your Honor's March 11, 2015, Order. A statement of the parties' positions, prepared by their respective counsel, is set forth below:

## I. Nature of the Case and Principal Defenses

### A. Nature of the Action and Plaintiff's Claims

   Plaintiff, who was diagnosed with Multiple Sclerosis ("MS") is a healthy twenty-four (24) year-old who had been cleared by his physician to become a New York City Police Officer. In February 2014, he applied for a paid internship as a NYPD Cadet, a collegiate police apprenticeship program. The NYPD denied his employment solely due to MS. Plaintiff was not allowed to appeal the decision. Plaintiff asserts claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201, *et. seq.*, and the New York City Human Rights Law ("CHRL"), New York City Administrative Code § 8-107, *et seq*., alleges he was discriminated against when the NYPD disqualified him from eligibility as an NYPD Cadet based on a perceived disability due to his diagnosis with Multiple Sclerosis ("MS"), and seeks to recover compensatory and punitive damages, along with attorneys' fees and costs.

### B. Principal Defenses

NYPD incorporates all of the defenses asserted in its answer. Plaintiff was evaluated by an NYPD doctor and found to be unfit to perform the essential duties of a Police Officer based on the symptoms he was experiencing at the time due to his MS. In order to prevail on a claim brought under the ADA, plaintiff must show that: (1) he is disabled under the ADA; (2) he is otherwise qualified for the position; and (3) he suffered an adverse employment action because of the disability.

Based on the individualized medical assessment performed by the NYPD doctor, Plaintiff could not perform the essential duties of a Police Officer, and therefore plaintiff cannot demonstrate he is qualified for the position of NYPD Cadet. Moreover, Defendant respectfully submits that the facts, as described above, establish that there is no evidence of discrimination in this case.

## II. Statements Regarding Basis of Subject Matter Jurisdiction and Venue

Jurisdiction of this Court is proper under 42 U.S.C. §§ 1201, *et. seq.* The Court has supplemental jurisdiction over the plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. Statement Regarding Motions

There are no outstanding motions at this time. Defendant reserves its right to move, pursuant to Federal Rules of Civil Procedure ("FRCP") 56, for dismissal of Plaintiff's complaint. Plaintiff reserves the same right with respect to the affirmative defenses in Defendant's Answer.

## IV. Statement Regarding Discovery

Plaintiff produced documents and information in accordance with the Initial Discovery Protocols on March 30, 2015.

The Standing Order for Initial Discovery Protocols states it does not apply to cases in which the allegations involve only discrimination in hiring. As such, Defendant conducted its initial discovery in compliance with Rule 26 of the FRCP and provided its initial disclosures on April 22, 2015.

At this time, the parties believe that some additional discovery, such as depositions, should take place before settlement discussions can continue.

## V. Statement Regarding Settlement Discussions

The parties participated in the District's Mediation Program, pursuant to the Court's Local Rule 83.12, on April 23, 2015. No settlement was reached between the parties at that time.

**VI. Estimated Length of Trial**

The parties have conferred and their present best estimate of the length of trial is three to five days.

**VII.     Statement Regarding Any Additional Information That May Assist the Court in Advancing the Case to Settlement or Trial, Including but Not Limited to a Description of Any Dispositive Issue or Novel Issue in the Case.**

At the close of discovery, Defendant reserves its right to move for summary judgment dismissing some or all of Plaintiff's claims and Plaintiff reserves the right to move to dismiss Defendant's Affirmative Defenses.

Respectfully submitted,

_____/S_____
Joseph D. Lockinger
Assistant Corporation Counsel


_____/S_____
Walker G. Harman, Jr.
Attorney for Plaintiff