

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JOSEPH D. LOCKINGER<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>(212) 356-4076<br>jlocking@law.nyc.gov |

November 18, 2015

**BY ECF**
Honorable Vernon S. Broderick
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Defendant's request for a conference is granted. The parties are instructed to appear telephonically on December 17, 2015 at 12:00 p.m. Parties are directed to contact Chambers no later than 5:00 p.m. on December 14, 2015 with a single dial-in number for the telephone conference at which all participating counsel can be reached. In addition to the remaining discovery dispute, the parties should be prepared to discuss the entering of a protective order and identifying any specific issues that the Court may resolve.

**SO ORDERED:**

*/s/ Vernon Broderick*
HON. VERNON S. BRODERICK  12/3/2015
UNITED STATES DISTRICT JUDGE

Re:  *Randy Umanzor v. The New York City*
     Docket No. 14 Civ. 9850 (VSB) (KNF)

Dear Judge Broderick:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendant New York City Police Department ("NYPD") in the above-referenced action. I submit this letter to respectfully renew Defendants' request for a conference to resolve discovery issues that have come to light based on the medical records produced by Doctor Kristen Babinski ("Dr. Babinksi") and Doctor Alla Mesh ("Dr. Mesh"). Pursuant to the Court's November 2, 2015, Order, the parties conferred in an attempt to resolve the remaining discovery issues on November 16, 2015, by telephone from 3:00 pm until 3:10 pm.

      Initially, a review of Plaintiff's medical records received from Dr. Babinski reveal that Plaintiff did not provide his entire medical record to the NYPD at the time he applied to be an NYPD Cadet. The most significant omission from the medical records provided to the NYPD, is a medical report from a consultation with Dr. Babinski on March 28, 2014, where Dr. Babinski indicates that Plaintiff was experiencing a "worsening of [Multiple Sclerosis ('MS')]" with new symptoms during the period of time that Plaintiff had previously asserted he had been asymptomatic. Plaintiff began medication to treat his MS in July of 2013, and has asserted to the Court and to the NYPD that he was asymptomatic when he applied to be a Police Officer in February of 2014. However, Dr. Babinski's report states that in March of 2014, Plaintiff had a number of MS related symptoms, at the very time he was being evaluated by the NYPD to determine whether he was fit to perform the essential functions of a Police Officer. Dr. Babinski's report from March of 2014 states that these symptoms manifested after Plaintiff began his medication in July of 2013, starting or occurring after his consultation in September of

2013. Plaintiff's symptoms in March of 2014, included such things as: (1) numbness in fingers; (2) severe fatigue; (3) lightheadedness which had been occurring for over a year; (4) terrible memory which had been occurring for over two months; (5) his grades at school were getting worse; and (6) his hair had been falling out since January of 2014.

When Plaintiff was asked to provide his medical records to the NYPD as part of his application, he failed to submit the report form Dr. Babinski's consultation from March 28, 2014, listing all of the above symptoms and stating that his MS was likely worsening. In addition, at his deposition, Plaintiff specifically denied experiencing any numbness in his fingers after beginning his medication in September of 2013.[1] Plaintiff's testimony at his deposition is directly contradicted by Dr. Babinski's report from March 28, 2014, in which she explicitly states Plaintiff's "fingers are STILL numb." (emphasis in original). Accordingly, Defendant requests that the Court modify its previous order denying Defendant's medical release for plaintiff's entire medical record. It is clear that Plaintiff provided incomplete medical records to the NYPD at the time of his application, and misrepresented his medical condition to this Court and during his deposition. As such, Defendant requests that this Court modify its prior Order, and command Plaintiff to provide his complete medical records at this time. Further, Defendant continues to assert that Plaintiff's medical records are relevant to the issue of damages, but also asserts that they weigh on liability as well. Specifically, the medical records from March of 2014 reveal a number of new symptoms from September of 2013, which could indicate a failure of the medication Plaintiff began taking in July of 2013 to treat his MS symptoms and decrease the likelihood of relapse.

Finally, Dr. Mesh's medical records, which also were not provided to the NYPD when Plaintiff's medical records were requested, reveal that Plaintiff was hospitalized at Brooklyn Hospital based on numbness in the left side of his body. Plaintiff symptoms of numbness and tingling in the left arm and leg, which began in January of 2013, got progressively worse and resulted in him being admitted to Brooklyn Hospital in February of 2013. Accordingly, the records from Brooklyn Hospital, for which this Court previously ruled that Plaintiff did not have to sign a release, are relevant on the issue of liability since they relate to the same symptoms that Plaintiff was experiencing at the time of his application to be a Police Cadet in February of 2014 – specifically numbness in Plaintiff's fingers.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

_____/S_____
Joseph D. Lockinger
Assistant Corporation Counsel

cc:   Walker G. Harman, Jr. (by ECF)

---

[1] Plaintiff's deposition, dated July 16, 2015, transcript 43:7 – 43:21. Plaintiff's medical records reflect that he began his MS medication on July 24, 2013.