**THE HARMAN FIRM, LLP**

Attorneys & Counselors At Law
www.theharmanfirm.com

December 24, 2015

<u>VIA ECF</u>

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

The Parties are instructed to appear for a case management conference on Thursday, January 14, 2016 at 12:00 p.m. in Courtroom 518 of the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York. The Parties should be prepared to discuss the proposed Protective Order.

SO ORDERED:

[signature]

HON. VERNON S. BRODERICK    1/6/2016
UNITED STATES DISTRICT JUDGE

Re:   *Randy Umanzor v. The New York City*
       14 Civ. 9850 (VSB)(KNF)

Dear Judge Broderick:

      We represent Plaintiff Randy Umanzor in the above-referenced employment discrimination action. As raised during the December 17, 2015 court conference, we write to the Court requesting it issues the attached protective order to limit the use of Plaintiff's medical documents during the litigation.

      Defendant denied Plaintiff entrance into the NYPD cadet program solely because he was diagnosed with multiple sclerosis ("MS"). In the December 17, 2015 conference, Your Honor denied Defendant's request for a medical release concerning Plaintiff from Manana Petrov, M.D, Plaintiff's general physician, but granted Defendant's request to obtain records from Brooklyn Hospital Center, which misdiagnosed Plaintiff as having suffered a stroke. Additionally, Defendant has Plaintiff's entire medical records from Kristen Babinski, M.D. and Alla Mesh, M.D., who diagnosed Plaintiff with MS.

      For good cause, a federal court may issue "an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This rule serves to protect parties' privacy interests. *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010). To prevent the dissemination of Plaintiff's private medical history to the public, Plaintiff submitted the attached Protective Order to Defense counsel for signing, who rejected it, arguing that it was overly broad because it covered medical records allegedly relevant to the claims or defenses in this case as well as medical conditions which allegedly have been disclosed to the public. Given the confidential nature of such medical information, Plaintiff is entitled to a protection of this information regardless of above contentions. *See Whalen v. Roe*, 429 U.S. 589, 599 (1977) (recognizing an individual's "interest in avoiding disclosure of personal matters" is an aspect of the right of privacy); *Olszewski v. Blooberg, L.P.*, No 96 Civ. 3393, 2000 WL 183236, at *2 (S.D.N.Y. Dec.13, 2000) (recognizing "a privacy interest" in keeping one's medical and mental health records confidential). Indeed, in *Duling,* this Court already found a good cause for entry of protective order for medical documents. 266 F.R.D. at *73 (S.D.N.Y, 2010) (holding "courts

Hon. Vernon S. Broderick
December 24, 2015
Page 2 of 2

have characterized personal files [that commonly contain medical histories] as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed.") (citation omitted).  Accordingly, this Court should issue the attached Protection Order.

    Thank you for your time and attention to this matter.

Respectfully submitted,

Walker G. Harman, Jr.

Enclosure

cc:     Joseph D. Lockinger (via ECF)