

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL F. FLEMING**
Assistant Corporation Counsel
Labor & Employment Law Division
phone: (212) 356-2471
fax: (212) 356-2438 (not for service)
email: mfleming@law.nyc.gov

March 30, 2016

**BY ECF**
Honorable Vernon S. Broderick
United States District Court - Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

        Re:  *Randy Umanzor v. The New York City Police Department*,
              Docket No. 14 Civ. 9850 (VSB) (KNF)

Dear Judge Broderick:

        I write on behalf of defendant New York City Police Department ("NYPD") and pursuant to Rule 4(D) of the Court's Individual Rules and Practices to request leave from the Court to file an "over-length" affidavit in support of defendant's Motion for Summary Judgment, due to be served this Friday, April 1, 2016. The NYPD respectfully requests the Court's leave to file an approximately 20-page Declaration from NYPD Deputy Chief Surgeon Dr. David Lichtenstein.

        Briefly, this action was brought by a former candidate for the NYPD's Police Cadet Corps who alleges that his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the New York City Human Rights Law claim ("NYCHRL"), N.Y.C. Admin. Code § 8-107, *et seq.*, by "denying him employment based on the false perception that he suffers from a disability arising from Multiple Sclerosis [MS]." Dr. Lichtenstein, the NYPD doctor who reviewed Plaintiff's application and made the determination that he was not qualified for the position, was deposed by Plaintiff on July 22, 2015 for approximately two and one half (2.5) hours. After Dr. Lichtenstein was deposed, in October 2015, Defendant's received additional medical records pertaining to Plaintiff's MS diagnosis and treatment that were not produced in response to Defendant's original discovery requests and,

more importantly, were not provided to the NYPD along with other medical records that were requested from Plaintiff as part of his application to the Cadet Corps.

The NYPD submits that good cause exists to file the "over-length" affidavit as Dr. Lichtenstein must address the implication of medical records that were withheld from the NYPD during Plaintiff's medical screening – the sole employment action at issue in this litigation – and to present the Court with material factual information related to NYPD's Candidate Selection Process that Dr. Lichtenstein was not asked about by Plaintiff's counsel during his deposition. The NYPD only intends to include one other, non-voluminous declaration from the undersigned for the purpose of submitting relevant business records from the NYPD (e.g. EEO policy, Cadet Corps Handbook, etc.). The Lichtenstein Declaration is integral to the NYPD's defense in this action and, as such, the NYPD respectfully requests that the Court grant its request for leave to file an "over-length" affidavit.

Thank you for Your Honor's consideration of this request.

                Respectfully submitted,
                */s/ Michael Fleming*
                Michael F. Fleming
                Assistant Corporation Counsel

cc:    Walker Green Harman , Jr. (via ECF)
        The Harman Firm PC
        220 Fifth Avenue, Suite 900
        New York, NY 10019
        Email: wharman@theharmanfirm.com